United States District Court
for the
Southern District of Florida

| Sam J. Goldman, Plaintiff, | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | Civil Action No. 16-81870-Civ-Scola |
| | ) | |
| Federal Trade Commission, | ) | |
| Defendant. | ) | |

## **Order Sua Sponte Dismissing Complaint**

This matter is before the Court on an independent review of the Plaintiff's Complaint. (ECF No. 1.) The Plaintiff initiated this suit on November 14, 2016, seeking a declaratory judgment that a stipulated judgment entered in *Federal Trade Commission v. American Precious Metals, LLC, et al.,* No. 11-61072 (the "related matter"), does not give the Federal Trade Commission the right to attach or enforce a lien on the Plaintiff's homestead property. (*Id.*) On January 6, 2017, the Federal Trade Commission ("FTC") filed a Motion for Equitable Lien on the Homestead of Defendant Sam J. Goldman in the related matter.

On February 15, 2017, the parties filed a Joint Motion to Stay in this matter, asserting that the Court's pending decision on the FTC's motion for an equitable lien in the related matter would have a substantial or controlling effect on Goldman's claims in this matter. (Mot. to Stay at 2, ECF No. 12.) The Court ordered Goldman to show cause why the Court should not dismiss this case since the Complaint essentially requested that the Court deny the FTC's motion for an equitable lien in the related matter. (ECF No. 13.) Goldman did not respond to the Court's order. On April 10, 2017, the Court granted the FTC's motion for an equitable lien in the related matter.

District courts have the authority, as part of their inherent power over docket administration, to stay or dismiss a suit that is duplicative of another case already pending in federal court. *Greene v. H & R Block E. Enters., Inc.*, 727 F. Supp. 2d 1363, 1367 (S.D. Fla. 2010) (King, J.) Although no precise test has been articulated for determining when two cases are duplicative, the general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions. *Court Appointed Receiver of Lancer Offshore, Inc. v. Citco Grp. Ltd.*, Case No. 5-60055, 2011 WL 1232869 at *2 (S.D. Fla. Mar. 30, 2011) (Marra, J.) (citing *I.A. Durbin, Inc. v. Jefferson Nat. Bank*, 793 F. 2d 1541, 1551–52 (11th Cir. 1986)). Here, the parties and issues are identical to the FTC's motion for an equitable lien in

the related matter. Furthermore, it appears that the relief requested in the Complaint is moot in light of the Court's Order Granting Motion for Equitable Lien in the related matter. (Case No. 11-61072, ECF No. 357.)

Accordingly the complaint is **dismissed with prejudice**. All pending motions are **denied** as moot and the Clerk is directed to **close** this matter.

**Done and ordered** in chambers, at Miami, Florida, on April 12, 2017.

_____
Robert N. Scola, Jr.
United States District Judge